# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARY A. MCDADE,

        Plaintiff,

v.                                                   Case No. 08-CV-265

MICHAEL J. ASTRUE,

        Defendant.

_____

## ORDER

On March 24, 2008, plaintiff Mary A. McDade filed a complaint seeking review of the denial of her claim for social security disability benefits or supplemental security income pursuant to 42 U.S.C. § 405(g). In connection with her complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948).

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff is unemployed, has no income or savings, does not own a car or a residence, and has been living with relatives or at a shelter. Thus, according to the petition, the plaintiff is unable to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities. *See Adkins*, 335 U.S. at 339.

Accordingly, the court concludes that the plaintiff has demonstrated the requisite financial need to proceed in forma pauperis.

The plaintiff next must demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(I). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), plaintiff has the right to obtain review of the Social Security Commissioner's decision. The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Here, the plaintiff claims she is entitled to disability benefits because she cannot work due to her Crohn's disease, asthma, and an injury to her right thumb. The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, liberally construing her complaint, the plaintiff's complaint states a claim that the Commissioner's decision regarding the denial of her application for disability insurance benefits or supplemental security income is not supported by substantial evidence, or is contrary to law. Given that the court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case, it would be inappropriate for the court to decide at this early juncture that the plaintiff's claim has no basis in either fact or law. Thus, there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and

the plaintiff's appeal, therefore, may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(I).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge